IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 24-CR-073-JFH |
| ALLAN KENTRELL HILL, | |
| Defendant. | |

## OPINION AND ORDER

Before the Court is a Motion for Reconsideration of Order Granting Government's Motion in Limine ("Motion to Reconsider") filed by Defendant Allan Kentrell Hill ("Defendant"). Dkt. No. 86. Defendant asks the Court to reconsider portions of its Opinion and Order ("Order") [Dkt. No. 85] related to the granting of the Motion in Limine [Dkt. No. 79] filed by the Government. The Government filed a response in opposition to the Motion to Reconsider. Dkt. No. 87. For the reasons stated below, the Motion to Reconsider [Dkt. No. 86] is DENIED.

## PROCEDURAL BACKGROUND

On August 4, 2025, the Court issued its Order ruling on the admissibility of evidence set forth in various notices and motions filed by the Government. Dkt. No. 85. Defendant did not file any notices or motions and did not file objections or responses to the Government's notices and motions. Regardless, the Court considered the admissibility of evidence described in the Government's notices and evaluated the Government's motions on the merits. Dkt. No. 85 at 1. Of relevance here, the Court granted the Government's Motion in Limine [Dkt. No. 79] finding (1) that evidence and statements regarding Terrence Renfro's ("Renfro") state court conviction for the murder of Victim 1 was inadmissible as substantive evidence as to Defendant's guilt and innocence; and (2) that Defendant was precluded from commenting on the Government's failure

to call certain witnesses at trial.  *Id*. at 11-12.  On August 5, 2025, Defendant filed the instant Motion to Reconsider.  Dkt. No. 86.

### DISCUSSION

Although not explicitly provided for in the Federal Rules of Criminal Procedure, motions to reconsider are proper and cognizable in criminal cases.  *United States v. Randall*, 666 F.3d 1238, 1241 (10th Cir. 2011).  However, these motions are generally considered to be extraordinary relief, and the trial court has discretion in determining whether such a motion should be granted or denied.  *See e.g., Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000).  Grounds warranting a motion to reconsider are: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."  *Id*. at 1012.  Additionally, reconsideration may be appropriate where "the court has misapprehended the facts, a party's position, or the controlling law." *Id*.

Defendant asks the Court to reconsider its Order because it was decided "without the benefit of Defendant's opposition on the merits."  Dkt. No. 86 at 1.  As stated earlier, Defendant did not file a response in opposition to the Motion in Limine.  The Motion to Reconsider explains that Defendant's counsel "inadvertently missed the default deadline to file a formal response due to excusable neglect, including a heavy caseload and a calendaring error amid multiple concurrent deadlines in this and other matters."  *Id*.  Defendant argues that reconsideration of the Court's Order is necessary to "prevent manifest injustice and ensure a fair trial" as the evidence precluded is "relevant, admissible, and essential to Defendant's defense under the Federal Rules of Evidence."  *Id*. at 2.

Despite Defendant not filing a response, the Court evaluated the relevance and admissibility of the evidence on the merits.  While undoubtedly this evidence would be helpful to

Defendant's case, Defendant has not demonstrated that the Court's Order precluding this evidence creates manifest injustice. Notably, Defendant's Motion to Reconsider does not address the substantive findings in the Court's Order. For example, regarding the Court's ruling precluding Defendant's comments on the Government's failure to call certain witnesses, Defendant acknowledges that a party may comment on the other party's failure to call a witness where the witness was peculiarly available to the other side. Dkt. No. 86 at 4. However, Defendant does not argue that witnesses are peculiarly available to the Government in this case. *Id*. at 4-5. Likewise, while Defendant argues that evidence of Renfro's conviction would "support[ ] Defendant's theory of innocence," he does not challenge the Court's finding that evidence that a coconspirator or accomplice has been charged or convicted is inadmissible as substantive evidence of a defendant's guilt or innocence.

Because the Court decided the Motion in Limine on the merits despite Defendant's failure to file a response, and because Defendant's Motion to Reconsider fails to demonstrate manifest injustice, the Motion to Reconsider [Dkt. No. 86] is DENIED and the Court's ruling as set forth in the Order [Dkt. No. 85] remains.

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Motion for Reconsideration of Order Granting Government's Motion in Limine [Dkt. No. 86] is DENIED.

Dated this 11th day of August 2025.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE