IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 24-CR-073-JFH |
| ALLAN KENTRELL HILL, | |
| Defendant. | |

## OPINION AND ORDER

Before the Court are the Brief Regarding Victim Attendance During Trial filed by Plaintiff the United States of America (the "Government") [Dkt. No. 107] and the Response to Government's Brief Regarding Victim Attendance During Trial filed by Defendant Allan Kentrell Hill ("Defendant") [Dkt. No. 109]. For the reasons set forth below, the Government's request that victim-witnesses not be excluded from the courtroom under Federal Rule of Evidence 615 is granted and Defendant's request that is mother not be excluded from the courtroom under Rule 615 is denied.

## BACKGROUND

### I.    The September 7, 2023 Murder

Defendant is charged by indictment with seven offenses, including a murder that is alleged to have occurred on September 7, 2023. Dkt. No. 67. According to the Government, on or about September 7, 2023, Victim 1 was shot three times in the chest and three times in the back of the head. Dkt. No. 26 at 1.[1] Near Victim 1, law enforcement located approximately eighteen cartridge cases: ten identified as being fired from a Beretta APX model 9mm Luger semi-automatic pistol

---

[1] For purposes of ruling on the notices and motions only, the Court accepts the Government's recitations of the facts.

with laser light, bearing serial number AOO7178X ("Beretta"), and eight identified as being fired from a Kel-Tec Sub-2000 model 9mm Luger rifle with foregrip light, serial number FGMH22 ("Kel-Tec"). *Id*. at 1-2. Additionally, a cartridge case, likely fired by a Glock [Gen 1-4] pistol ("Glock"), was located several yards from Victim 1's body and a Glock magazine containing 9mm bullets was found in Victim 1's right sock. *Id*. at 2. However, law enforcement was unable to locate the Glock—which Victim 1 was known to carry—or Victim 1's cell phone. *Id*.

Investigators further determined that, just prior to the murder, Victim 1 left his grandmother's residence on September 7, 2023 between 12:30 and 1:00 a.m. with Defendant in the Defendant's Jeep. *Id*. at 2. Surveillance video from a Casey's gas station located at 702 S. 32nd, Muskogee, Oklahoma showed Defendant's Jeep at the Casey's between 1:48 and 2:03 a.m. Dkt. No. 26 at 2. During that time, Victim 1 exited the backseat of Defendant's Jeep and entered the Casey's on two (2) occasions. *Id*. Defendant exited the driver's seat and pumped gas in the vehicle. *Id*. A witness stated that a third individual was in the front passenger seat of the vehicle. *Id*. This third individual was later identified by law enforcement as Tereance Renfro ("Renfro"), a known associate of Defendant. Dkt. No. 26 at 2.

II.     **August 17, 2023 Robbery**

Three (3) weeks before the September 7, 2023 murder, Defendant was allegedly involved in robbery which led to his possession of the Kel-Tec firearm. On August 17, 2023,Victim 2 arranged to meet Defendant at a Casey's gas station located on East Shawnee in Muskogee, Oklahoma to sell Defendant a Kel-Tec firearm. Dkt. No. 26 at 4. After arriving at the Casey's, Defendant told Victim 2 that he was going inside the Casey's to get money for the purchase. *Id*. When Defendant returned, Victim 2 opened the trunk of his vehicle to show Defendant the Kel-Tec firearm. *Id*. At that time, an unknown Black male wearing a black ski mask, gray hooded

sweatshirt, and black sweatpants approached Victim 2 from the north side of the Casey's, put a firearm to Victim 2's back, and instructed Victim 2 to hand him the Kel-Tec firearm and Victim 2's cell phone. Dkt. No. 26 at 4. Investigators determined that the physical description of the unknown Black male matched Renfro's physical description. *Id*. Victim 2 did as he was instructed and handed the Kel-Tec and his cell phone to the unknown Black male. *Id*. Defendant and the unknown Black male then fled with the items around the Casey's and Defendant shouted to Victim 2, "pleasure doing business with ya." *Id*.

## DISCUSSION

At the October 10, 2025 pretrial conference, the parties indicated that they intend to seek sequestration of witnesses during the trial, pursuant to Rule 615. However, the Government also advised the Court of its position that Victim 2 and Victim 1's mother and grandmother are excepted from exclusion under the rule since they are crime victims, as defined by the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771. The Court invited briefing on the issue. Dkt. No. 105. The Government filed its brief on October 14, 2025. Dkt. No. 107. Defendant filed a response in opposition on October 20, 2025.

Under Rule 615, "[a]t a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony." Fed. R. Evid. 615(a). "But this rule does not authorize excluding . . . (d) a person authorized by statute to be present." *Id*. "One such statute is the [CVRA], which grants crime victims '[t]he right not to be excluded from any such public court proceeding, unless the court, after receiving clear and convincing evidence, determines that testimony by the victim would be materially altered if the victim heard other testimony at that proceeding.'"[2] *United States v. Maldonado-Passage*, 4 F.4th 1097, 1102 (10th Cir. 2021) (quoting

---

[2] Here, Victim 2 who, was the victim of the August 17 robbery, and Victim 1's mother and grandmother are protected under the CVRA, which defines a crime victim as "a person directly

18 U.S.C. § 3771(a)(3)). Accordingly, the default rule under the CVRA is that a crime victim may be present in the courtroom to hear other witnesses testify. The burden thus falls to Defendant, as the party seeking to exclude the victim-witnesses from the courtroom, to present clear-and-convincing evidence that their testimony will be materially altered if they are permitted to hear other witnesses testify at trial. Defendant has not met this burden.

In his response to the Government's brief, Defendant acknowledges the statutory right of the victim-witnesses to be present at trial and his burden to justify their exclusion by setting forth clear and convincing evidence. Dkt. No. 109 at 1-2. However, while Defendant argues that "the emotionally charged nature of this case, involving a robbery and homicide, heightens the potential for witnesses to align their testimony with others, particularly given the familial relationships [between Victim 1 and his mother and grandmother]," he fails to offer any factual or evidentiary support for this contention. *Id.* at 2-3. The Court recognizes that there is always a "*possibility* that one witness will alter his testimony based on the testimony of another." *In re Mikhel,* 453 F.3d 1137, 1139 & n.3 (9th Cir.2006) (emphasis in original). However, to justify exclusion of victim-witnesses, the Court "must find by clear and convincing evidence that it is *highly likely,* not merely *possible,* that the victim-witness will alter his or her testimony." *Id.* (emphasis in original). Here, Defendant has not provided any evidence upon which the Court could base such a finding.

To the extent that Defendant argues that his mother, who he asserts will testify regarding alleged witness tampering, should not be excluded from the courtroom because she "identifies as a victim in this case" [Dkt. No. 109 at 3], the Court is not persuaded. Although Defendant suggests that his mother has been "wrongly accused," presumably of being involved with the alleged

---

and proximately harmed as a result of the commission of a Federal offense." 18 U.S.C. § 3771(e)(2)(A).

witness tampering conduct [Dkt. No. 26 at 3-4], this is insufficient to demonstrate that she falls within the definition of a crime victim under the CVRA, and is thus statutorily authorized to attend the trial despite her status as a witness. *See* 18 U.S.C. § 3771(e)(2)(A)

For these reasons, the Government's request that the victim-witnesses not be excluded from the courtroom under Rule 615 [Dkt. No. 107] is GRANTED and Defendant's request that his mother not be excluded from the courtroom under Rule 615, despite her status as a witness is DENIED.

Dated this 27th day of October 2025.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE